UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN-JOSEPH FORJONE, *et al.*,

                Plaintiffs,

    v.                                       1:06-CV-1002 (LEK/RFT)

STATE OF CALIFORNIA, *et al.*,

                Defendants.
_____

LAWRENCE E. KAHN
UNITED STATES DISTRICT JUDGE

## DECISION and ORDER

        Plaintiffs filed a Complaint (Dkt. No. 1) in the Western District of New York asserting various constitutional violations and other claims arising out of the National Voter Registration Act, 42 U.S.C. §1973gg, *et seq.*, and the Help America Vote Act, 42 U.S.C. § 15301 *et seq.* ("HAVA"). Among other things, Plaintiffs appear to claim that at least some of the Defendants wrongfully counted the voting age population ("VAP") (including illegal aliens and deceased persons), rather than using the citizen voting age population ("CVAP"), and thereby used imprecise numbers in redistricting and determining eligibility for funds under the HAVA. Plaintiffs also appear to assert a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, and the False Claims Act, 31 U.S.C. § 3729, *et seq*. Am. Compl. (Dkt. No. 26) at ¶ 1. Plaintiffs request a three judge panel pursuant to 28 U.S.C. § 2284.

**I       BACKGROUND**

        In ruling upon certain motions before it, the Western District of New York noted that the Complaint:

> can only be described as, *inter alia*, disjointed, unintelligible, convoluted, confusing and prolix. It is presented in such a manner that the Court, and the defendants . . . simply cannot determine what the plaintiffs are alleging. . . . The Complaint names approximately 70 defendants, including what appears to be most of the counties in New York State and the States of New York, Texas, New Mexico, Arizona, Nevada, California, . . . and Oregon, and, at its heart appears to complain about the manner in which New York and other States are implementing [HAVA] . . . . The complaint also appears to raise concerns about how New York and its counties have failed to meet the mandates of HAVA and how the State has drawn its congressional, legislative and judicial districts. . . . [B]ecause of the manner in which the complaint is pled the Court can make little sense, if any, of what the defendants are alleged to have done or what they have failed to do in relation to HAVA or how those actions or failures to act are actionable.

Dkt. No. 24 at 1-2.

Plaintiffs were ordered to "show cause, in writing, no later than **May 1, 2006**, why this action should not be dismissed or transferred . . . and why sanctions should not be imposed against them. . . ." Id. at 7. The Order also directed Plaintiffs to file an amended complaint that "simply and concisely informs the Court and the defendants in plain terms what they are alleging the defendants did or did not do . . . and how those actions or inactions are a violation of HAVA or some other federal or state statute, law or constitutional provision." Id. at 3. Plaintiffs were warned that "failure to file an amended complaint that complies with Fed. R. Civ. P. 8 and 10 and sets forth in a comprehensible manner claims upon which relief can be granted, will lead to the dismissal of this action." Plaintiffs also were instructed that, because they are proceeding *pro se*, they must delete references to any associations or organizations on whose behalf they claimed to be suing. The Western District's Order further noted that:

> at least five of the plaintiffs in this matter had filed in 2004 a very similar action in the United States District Court for the Northern District of New York . . . Loeber v. Spargo, 04-cv-1193. . . . [A] number of the plaintiffs filed declarations or affidavits which clearly intimate that the two actions are similar and that a reason for filing the instant action and to seek a change of

venue for <u>Loeber</u> to this Court is because they are not pleased with the manner in which the <u>Loeber</u>[1] case is proceeding.

Because the <u>Loeber</u> case was similar to, and filed prior to this case, the Western District transferred the case to this Court. <u>See</u> Dkt. No. 100.

On August 17, 2006, Plaintiffs responded to the Order to Show Cause. Dkt. No. 26. Attached thereto as Exhibit B was a proposed Amended Complaint. The proposed Amended Complaint is 57 pages long (nearly twice as long as the original complaint) and continues to be "disjointed, unintelligible, convoluted, confusing and prolix." Plaintiffs did not file the proposed Amended Complaint. It similarly appears that Plaintiffs did not serve the Amended Complaint on Defendants. <u>See, e.g.</u>, Mem. by N.Y. State Att'y General and NY State Sec'y of State in Supp. of Mot. to Dismiss (Dkt. No 29) at 3.

The First Cause of Action of the proposed Amended Complaint alleges a failure to enforce the National Voter Registration Act. In sum, this claim alleges that various states have failed to prevent non-citizens from voting in elections. Plaintiffs contend that, by allowing non-citizens to vote, their votes have been effectively diluted. The Second Cause of Action claims that the Election Assistance Commission ("EAC") and the Department of Justice have improperly certified false state HAVA submissions. The Third Cause of Action contends that the EAC has intentionally promoted, facilitated, aided and abetted illegal aliens to register by mail and vote in Arizona and certain other States. The Fourth Cause of Action alleges that the New York State Board of Elections intentionally and maliciously failed to maintain a statewide central database that would enable municipalities to verify inactive voters. According to Plaintiffs, this causes various municipalities to receive a disproportionate

---

[1] By Orders dated January 8, 2008 and July 31, 2008, this Court dismissed the claims in the <u>Loeber</u> case. The matter is currently on appeal to the Second Circuit Court of Appeals.

share of election-related funding and allows people to register in more than one location.  In the Fifth Cause of Action, Plaintiffs allege that the "Defendant New York State Municipal subdivisions . . . intentionally fail to maintain an accurate original voter registration database on a municipal by municipal bases as required under color of NVRA and HAVA and New York State Election Law."  Plaintiffs allege that, if other states properly claimed HAVA funds, more funds would be available to the State of New York and, as a result, New York municipalities would not have to increase property taxes to cover election-related expenses.  The Sixth Cause of Action alleges that the States of California, Nevada, Oregon, New Mexico, Arizona, Texas and other states "intentionally fail to maintain an accurate voter registration database" as required by federal and state law.  Plaintiffs contend that, as a result of Defendants' actions, "voting is being rapidly undermined by illegal aliens and multiply registered citizens," the strength of their votes is being diluted, their right to free speech and freedom of association is being infringed, their "suffrage rights" are being "disenfranchise[d] . . . by disproportionate diminished dilution by taking plaintiffs [sic] proprietary tangible suffrage property," they are suffering "reverse discrimination," they are being deprived of a republican form of government, they are being denied substantive due process and are being subjected to a taking of property for the "unfunded mandate as done under the Medicaid tax levy without notice and segregation of the election costs on real property tax levy," and they are being deprived of "Homerule autonomy" and equal protection of the law against false HAVA claims.  Presently before the Court are various Motions to dismiss the Complaint and Amended Complaint.  Although Plaintiffs were granted leave to file an enlarged, consolidated brief in opposition to the motions, they have failed to do so.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  When considering a motion to dismiss pursuant to Rule 12(b)(6), a district court must accept the factual allegations made by the non-moving party as true and "draw all inferences in the light most favorable" to the non-moving party.  In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95 (2d Cir. 2007).  "The movant's burden is very substantial, as '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'"  Log On America, Inc. v. Promethean Asset Mgmt. L.L.C., 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotation and citations omitted)).  With this standard in mind, the Court will address the pending Motions to dismiss.

## III.    DISCUSSION

### a.     Failure to Comply with the Court's Order

By Order dated March 28, 2006, the Western District of New York directed Plaintiffs to file an amended complaint complying with Federal Rules of Civil Procedure 8 and 10 on or before May 1, 2006. See Dkt. No. 24.  The March 28 Order specifically warned that "in the event plaintiffs fail to file an amended complaint as directed above by May 1, 2006, the complaint shall be dismissed with prejudice without further order of the Court." Id.  To date, despite having ample time to do so, Plaintiffs have neither filed the requisite amended complaint nor served it on Defendants.  Plaintiffs were warned that failure to comply would result in dismissal of this action.  Because Plaintiffs have

failed to comply with the Court's prior order by filing an amended complaint this action must be DISMISSED.

### b. Failure to Comply with Rules 8 and 10

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As noted, Plaintiff's were directed by the Court to submit an amended pleading that complies with the requirements of Rules 8 and 10.  Plaintiffs were specifically advised of the deficiencies in their Complaint, instructed how to remedy the deficiencies, and given the opportunity to remedy the defects.  Plaintiffs also were warned of the consequences of failing to file a proper complaint.  Notwithstanding the numerous motions attacking the original Complaint and proposed Amended Complaint as failing to comply with Rule 8 and the Court's prior admonition, to date (several years later), Plaintiffs have made no effort to submit a coherent, streamlined complaint.  Rather than adhering to the Court's warning and the dictates of Rule 8(a)(2), Plaintiffs submitted a proposed Amended Complaint that is even longer and more convoluted than the original filing.  It continues to contain an abundance of irrelevant and otherwise immaterial matters and unnecessary detail, including lengthy excerpts from articles and references to irrelevant treaties.  In most instances the proposed Amended Complaint fails to allege how the named Defendants harmed them.  Further, the length and prolixity of the proposed Amended Complaint places an unnecessary and unjustified burden on the Court and the numerous Defendants who have to respond to it.  See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  For these reasons, all Motions to dismiss are GRANTED and this matter DISMISSED WITH PREJUDICE.

### c. Standing

Defendants move to dismiss the Complaint and proposed Amended Complaint on the ground that Plaintiffs lack standing.[2] Article III, § 2, cl. 1 of the Constitution extends the judicial power only to actual "cases" or "controversies." The doctrine of standing preforms a critical role in assuring the limits to judicial power imposed by this case-or-controversy requirement. See Allen v. Wright, 468 U.S. 737, 751 (1984). "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Id. at 750-51 (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).

Three elements form the "irreducible constitutional minimum of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). These are:

> First, the plaintiff must have suffered an "injury in fact"- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Id. at 560-61 (internal citations omitted). In applying these conditions, the Supreme Court has noted that where a plaintiff is challenging government action or inaction, and "the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily 'substantially more difficult' to establish." Id. at 562 (quoting Allen, 468 U.S. at 758).

The allegations contained in Plaintiffs' Amended Complaint consistently fail to allege any concrete harm personally suffered by Plaintiffs or explain how such harm could be traceable to the Defendants. Throughout their twelve causes of action, Plaintiffs allege non-particularized injuries and

---

[2] The remaining discussion assumes, *arguendo*, that the Complaint and/or proposed Amended Complaint comply with the Court's prior Order and Rules 8 and 10.

generalized grievances, and, furthermore, leave unclear how any of the alleged harms could be redressed by a favorable result in the courts. Where, as in the Ninth Cause of Action, Plaintiffs appear to specify a concrete injury, the taking of their property through real property taxes collected to cover the costs of HAVA, their claim still fails. Plaintiffs do not allege that property taxes have increased because of the need to cover a shortfall in HAVA funding, that there is a shortfall in HAVA funding, or that there could be any such a shortfall because, as explained in Loeber, HAVA requires states to adopt certain voting requirements regardless of any federal funding. 2008 WL 111172, at *4.

In short, Plaintiffs lack standing because they fail to allege any concrete injury. Moreover, for the reasons stated by this Court in Loeber, Plaintiffs do not have standing to challenge the requirements of the NVRA or Titles I or II of the HAVA. 2008 WL 111172, at *4-5; see also Kalsson v. U.S. Federal Election Com'n, 356 F. Supp. 2d 371 (S.D.N.Y. 2005) (plaintiff did not have standing despite his allegation that his vote was diluted because the NVRA results in more people registering to vote than otherwise would be the case), aff'd, 159 Fed. Appx. 326 (2d Cir. 2005); see also Amalfitano v. United States, 2001 WL 103437 (S.D.N.Y. Feb. 7, 2001), aff'd, 21 Fed. Appx. 67 (2d Cir. 2001). In any event, the NVRA imposes obligations upon states; not counties. 42 U.S.C. § 1973gg-2(a). For the foregoing reasons, Plaintiffs lack standing, thereby providing another basis for dismissal.

    **d.**    **Failure to State a Claim**

        **1.**    **New York Attorney General and New York Secretary of State**

The New York Attorney General and Secretary of State move to dismiss the Amended Complaint against them on the ground that it fails to allege any wrongful conduct by them. The Amended Complaint makes little reference to these Defendants and does not allege any acts attributable to these Defendants or any other personal involvement by them. The Amended Complaint

also fails to articulate how these Defendants' actions have harmed Plaintiffs or how any claimed injury could be redressed by a favorable judgment.  Accordingly, this provides another basis for dismissing the Complaint as to the New York State Attorney General and Secretary of State.

> **2.     Counties of Lewis, Erie, Genessee, Allegany, Cayuga, Chemung, Clinton, Delaware, Essex, Franklin, Fulton, Herkimer, Livingston, Montgomery, Oneida, Orleans, Oswego, Putnam, Saratoga, Seneca, St. Lawrence, Steuben, Tioga, Ulster, Warren, Washington, Yates, Columbia, Jefferson, Madison, Sullivan, and Onondaga and the City of New York**

Defendants Counties of Lewis, Erie, Genessee, Allegany, Cayuga, Chemung, Clinton, Delaware, Essex, Franklin, Fulton, Herkimer, Livingston, Montgomery, Oneida, Orleans, Oswego, Putnam, Saratoga, Seneca, St. Lawrence, Steuben, Tioga, Ulster, Warren, Washington, Yates, Columbia, Jefferson, Madison, Sullivan, and Onondaga and Defendant City of New York also move to dismiss on the ground that the Amended Complaint fails to allege any wrongful conduct by them. Plaintiffs' Fifth Cause of Action broadly speaks to the "Defendant New York State Municipal subdivisions . . . intentional[] fail[ure] to maintain an accurate original voter registration database on a municipal by municipal bases as required under color of NVRA and HAVA."  Out of all the named Defendant counties, Plaintiffs reside in only two - Erie and Genessee.  Inasmuch as none of the Plaintiffs reside in any of the other Counties, the Amended Complaint fails to explain how any actions by these other Counties or the City of New York caused harm to them.  Moreover, neither the NVRA nor the HAVA impose any obligations upon counties or the City of New York.  See 42 U.S.C. § 1973gg (imposing certain requirements on "each State").  Accordingly, this provides another basis for dismissal of the Complaint and/or proposed Amended Complaint as to all the County Defendants and the City of New York.

       **3.**      **States of Texas, California, Oregon, Arizona, Nevada, and New Mexico**

The States of Texas and New Mexico move to dismiss for failure to state a claim against them. As with the claims against the various New York State Counties, and bearing in mind that Plaintiffs do not have standing concerning the distribution of funds under HAVA, Plaintiffs do not allege any conduct by these States that caused harm to them. None of the Plaintiffs reside in any of these States. Plaintiffs similarly fail to assert a basis for personal jurisdiction over these States. The same reasoning applies to the claims against the States of Oregon, California, Nevada, and Arizona. This provides another ground for dismissal of the Complaint as to all the Defendant States.

**II.**    **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that all pending motions to dismiss are **GRANTED** and the Complaint and proposed Amended Complaint are **DISMISSED IN THEIR ENTIRETY**.

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED**.

DATED:  February 19, 2010
           Albany, New York

Lawrence E. Kahn
U.S. District Judge